# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>ROGELIO GASPAR-PADILLA (4),<br><br>Defendant-Petitioner. | Case Nos.: 10-cr-3510-BTM-4<br>16-cv-1344-BTM<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION, LIFTING STAY AND DENYING DEFENDANT'S § 2255 MOTION**<br><br>**[ECF NOS. 226, 287, 290, 294]** |

Rogelio Gaspar-Padilla ("Defendant") has filed a motion to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255, Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). (ECF No. 226.) The Court recently stayed consideration of Defendant's motion pending the Supreme Court's resolution of Sessions v. Dimaya, No. 15-1498, cert. granted sub nom. Lynch v. Dimaya, 137 S. Ct. 31 (Sept. 29, 2016). (ECF No. 281.) Defendant has moved for reconsideration of the stay. (ECF Nos. 287, 290, 294.) For the reasons discussed below, the Court grants Defendant's motion for reconsideration, lifts the stay, and denies Defendant's § 2255 motion.

//
//

## I. BACKGROUND

On February 17, 2011, Defendant pled guilty pursuant to a plea agreement to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). (ECF No. 76.) The "crime of violence" that served as the predicate for Defendant's conviction on Count 2 was his conviction on Count 1 for conspiracy to commit Hobbs Act robbery. On July 12, 2011, the Court sentenced Defendant to a term of 46 months on Count 1 and 60 months on Count 2, run consecutively for a total term of imprisonment of 106 months. (ECF Nos. 146, 178.)

On June 26, 2015, the Supreme Court decided Johnson, in which it held that the residual clause definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. On October 19, 2015, the Ninth Circuit decided Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), holding that the reasoning of Johnson applied to the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b) so as to render it void for vagueness.

On June 2, 2016, Defendant filed the instant § 2255 motion. He moves to vacate his conviction under § 924(c), arguing that the reasoning of Johnson and Dimaya apply to the residual clause definition of "crime of violence" in § 924(c)(3)(B) and lead to the conclusion that the latter statute is likewise unconstitutionally vague. On July 17, 2016, the government filed a response brief in which it moved to stay Defendant's motion pending the outcome of United States v. Begay, in which the Ninth Circuit is anticipated to address the constitutionality of § 924(c)(3)(B) in light of Johnson. (ECF No. 246.) On July 22, 2016, Defendant filed a reply brief in which he opposed a stay. On August 31, 2016, the Court held oral argument on Defendant's § 2255 motion and the government's motion to stay.

On September 29, 2016, the Supreme Court granted certiorari in Dimaya. Dimaya, No. 15-1498, 137 S. Ct. 31 (Sept. 29, 2016). On March 29, 2017, the

Ninth Circuit entered an order deferring submission of Begay pending the Supreme Court's resolution of Dimaya. See Order (Doc. No. 87), United States v. Begay, No. 14-10080 (9th Cir. Mar. 29, 2017). On June 9, 2017, this Court entered an order staying consideration of Defendant's § 2255 motion pending the outcome of Dimaya, noting that the Supreme Court was expected to issue its decision no later than June 2017, such that the ensuing stay was anticipated to be brief.

On June 26, 2017, the Supreme Court restored Dimaya to the calendar for reargument, meaning it will not be issuing a decision until its next term, which ends in June 2018.

On June 29, 2017, Defendant filed a motion for reconsideration of the Court's stay order in light of the development in Dimaya. On June 30, 2017, the Court issued an order in which it advised the parties it was considering vacating the stay and ruling on the merits of Defendant's § 2255 motion, and permitted the parties to file supplemental briefing by July 10, 2017.

**II. DISCUSSION**

28 U.S.C. § 2255 provides, in pertinent part, that a prisoner in custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

Defendant moves to vacate his conviction and sentence on Count 2 for violating § 924(c), which criminalizes possession of a firearm in furtherance of a crime of violence. For purposes of § 924(c), "crime of violence" is defined as

    an offense that is a felony and—
(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to subsection (A) of § 924(c)(3) as the "force clause," and subsection (B) as the "residual clause."

Here, the predicate "crime of violence" supporting Defendant's conviction and sentence under § 924(c) was his conviction on Count 1 for conspiracy to commit Hobbs Act robbery. Defendant argues that conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence," if at all, only under the residual clause, § 924(c)(3)(B). He contends that § 924(c)(3)(B) is unconstitutionally vague in light of the Johnson decision's invalidation of the residual clause definition of "violent felony" in the ACCA, and that his conviction on Count 2 must therefore be vacated.

The government responded by seeking a stay of Defendant's motion pending the Ninth Circuit's issuance of a decision in Begay. The government also argues that Defendant's motion is procedurally barred because he defaulted on his claim for failure to raise it on direct appeal.[1] As to the merits, the government maintains that the reasoning of Johnson does not apply to § 924(c)(3)(B), and that even if the Court does find § 924(c)(3)(B) unconstitutionally vague, conspiracy to commit Hobbs Act robbery remains a crime of violence under the force clause, § 924(c)(3)(A).

A. Reconsideration Of Stay Order

The Court first addresses Defendant's motion for reconsideration of the Court's June 9, 2017 order staying this case pending the Supreme Court's issuance of a decision in Dimaya. Defendant contends that now that it is clear no decision will be forthcoming in Dimaya until the Supreme Court's next term ending

---

[1] On August 10, 2016, in response to the government's claim that Defendant's § 2255 motion violated the provision of his plea agreement in which he waived his right to collateral attack, Defendant filed a motion for declaratory and injunctive relief seeking a determination whether he was in breach. He withdrew the motion after the government waived its claim. (ECF Nos. 258, 264, 265.)

in June 2018, the Court should lift the stay because he will be prejudiced by the additional, unanticipated delay.[2]

The Court agrees and will lift the stay. As discussed below, post-<u>Johnson</u>, the courts have been divided with regard to the constitutionality of § 924(c)(3)(B). Since the language of the residual clause at issue in <u>Dimaya</u> is virtually identical to the text of § 924(c)(3)(B), the Court anticipated a decision from the Supreme Court in <u>Dimaya</u> would effectively control the outcome of Defendant's motion. Indeed, in <u>Begay</u>, in which the Ninth Circuit is considering the constitutionality of § 924(c)(3)(B), the Ninth Circuit has deferred its decision pending resolution of <u>Dimaya</u>. <u>See</u> Order, <u>Begay</u>, No. 14-10080 (9th Cir. Mar. 29, 2017).

Although it would be helpful to know the result of <u>Dimaya</u> before ruling on this case, in considering the wisdom of a stay based on judicial economy, district courts faced with habeas petitions must consider the potential prejudice of a stay to the defendant. <u>Yong v. I.N.S.</u>, 208 F.3d 1116, 1117-19 (9th Cir. 2000). When the Court stayed this case pending the outcome of <u>Dimaya</u>, it believed the Supreme Court's decision would be issued in a matter of weeks, no later than June 2017. While the Ninth Circuit's decision in <u>Begay</u> will almost certainly resolve the issue presented here, as of the date of this order, <u>Begay</u> remains stayed, and it appears it will not be decided until after <u>Dimaya</u>. The unanticipated delay in resolution of <u>Dimaya</u> is a development that warrants reconsideration of the stay. The Court finds that any benefit that might be conferred by waiting for a decision in <u>Dimaya</u> or <u>Begay</u> is outweighed by the prejudice to Defendant of further delay.

Accordingly, the Court grants Defendant's motion for reconsideration and lifts the stay.

---

[2] After the Court issued its stay order on June 9, 2017, on June 14, 2017, Defendant filed a supplemental brief indicating he did not oppose a stay through the end of June 2017. (ECF No. 283.) It was not until June 29, 2017, that Defendant sought reconsideration of the stay on the ground that because his anticipated release date is April 29, 2018, a continued stay is prejudicial.

B. Merits of Defendant's § 2255 Motion

In United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993), the Ninth Circuit held that conspiracy to commit Hobbs Act robbery qualifies as a crime of violence pursuant to the residual clause of § 924(c)(3)(B). Mendez remains good law, so there is no question that Defendant's conviction on Count 1 qualifies as a predicate for his § 924(c) conviction under the residual clause. Defendant argues that his conviction and sentence for violating § 924(c) must be vacated because the residual clause is no longer constitutional in light of the Supreme Court's decision in Johnson.

Since Johnson was decided, dozens of courts have been presented with vagueness challenges to the constitutionality of § 924(c)(3)(B). The courts are divided with regard to the resolution of this issue. On the one hand, the Second, Fifth, Sixth, Eighth, and Eleventh Circuits have upheld § 924(c)(3)(B) against post-Johnson void-for-vagueness challenges. See United States v. Hill, 832 F.3d 135, 145 (2d Cir. 2016); United States v. Davis, --- Fed. Appx. ----, 2017 WL 436037, at *2 (5th Cir. 2017) (unpublished); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016); United States v. Prickett, 839 F.3d 697, 699–700 (8th Cir. 2016); Ovalles v. United States, --- F.3d ----, 2017 WL 2829371, at *4-8 (11th Cir. 2017). The Seventh Circuit, on the other hand, has held § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson. See United States v. Cardena, 842 F.3d 959, (7th Cir. 2016). District courts in other circuits, including the Ninth Circuit, are split. Compare, e.g., United States v. Bell, 158 F. Supp. 3d 906, 921-24 (N.D. Cal. 2016) (residual clause of § 924(c)(3)(B) unconstitutional in light of Johnson and Dimaya); United States v. Baires-Reyes, 191 F. Supp. 3d 1046, 1051-53 (N.D. Cal. 2016) (same); United States v. Smith, 215 F. Supp. 3d 1026, 1035-36 (D. Nev. 2016) (same); United States v. Herr, No. 16-cr-10038-IT, 2016 U.S. Dist. LEXIS 144201, at *4-11 (D. Mass. Oct. 18, 2016) (same); United States v. Edmundson, 153 F. Supp. 3d 857, 861-64 (D. Md. 2015) (same); with United States v. Lott, No.

95cr0072 WQH, 16cv1575 WQH, 2017 WL 553467, at *3 (S.D. Cal. Feb. 9, 2017) (residual clause of § 924(c)(3)(B) remains constitutional after Johnson); United States v. Tsarnaev, 157 F. Supp. 3d 57, 71-74 (D. Mass. 2016) (same); United States v. Green, No. 15-cr-00526, 2016 WL 277982, at *3-5 (D. Md. Jan. 22, 2016) (same).

The courts that have considered the issue in this District have rejected post-Johnson challenges to the constitutionality of § 924(c)(3)(B). Lott, No. 95cr0072 WQH, 16cv1575 WQH, 2017 WL 553467, at *3; United States v. Sehorn, 95cr0072-2 WQH, 2017 WL 1336872 (S.D. Cal. Feb. 17, 2017); United States v. Nelson, 95cr0072-4 WQH, 2017 WL 1346638 (S.D. Cal. Feb. 17, 2017); Hernandez v. United States, No. 10-CR-3173-H-3, 2016 WL 7250676, at *3–4 (S.D. Cal. Nov. 7, 2016); Averhart v. United States, No. 11-cr-1861 DMS, 2016 U.S. Dist. LEXIS 184031 (Nov. 21, 2016); Mondragon-Hernandez v. United States, NO. 10-CR-3173-H-1; 16-CV-1537-H, 2017 U.S. Dist. LEXIS 41720 (S.D. Cal. Mar. 22, 2017).

The Court finds the reasoning of courts that have rejected challenges to the constitutionality of § 924(c)(3)(B) persuasive. See, e.g., Taylor, 814 F.3d at 375-79; Lott, 2017 WL 553467 at *3. These courts have reasoned as follows. Johnson analyzed the residual clause of the ACCA, which provides that a "violent felony" is a felony that "(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (residual clause underlined). The Supreme Court reasoned that the ACCA's residual clause was unconstitutionally vague because (1) it created uncertainty with regard to how judges should estimate the "serious potential risk of physical injury" posed by a crime, and as to the quantum of potential risk that qualified as "serious," (2) the list of dissimilar enumerated offenses that preceded the residual clause only added to the uncertainty over its interpretation, and (3) experience had proven the clause to be unworkably vague,

as courts had struggled to apply it in practice. Johnson, 135 S. Ct. at 2556-60.

Courts that have rejected challenges to § 924(c)(3)(B) based on the reasoning of Johnson have found that material differences between the residual clause of § 924(e)(2)(B)(ii) and § 924(c)(3)(B) undermine the force of the Supreme Court's reasoning with regard to the latter statute. First, unlike the ACCA, § 924(c)(3)(B) requires courts to determine whether a crime "involves a substantial risk that physical force" may be used by the offender, which is a less attenuated determination than whether a crime will create a "serious potential risk of physical injury to another." See Taylor, 814 F.3d at 376-77. Second, unlike the ACCA, the residual clause of § 924(c)(3)(B) is not preceded by a list of dissimilar crimes, a textual difference that makes the ACCA's residual clause the harder of the two to interpret. See id. at 377. Third, unlike the history of interpretation of the ACCA residual clause, courts have not experienced "repeated attempts and repeated failures to craft a principled and objective standard" out of § 924(c)(3)(B). See id. at 377-78 (quoting Johnson, 135 S. Ct. at 2558).

Courts that have reached the opposite conclusion regarding the constitutionality of § 924(c)(3)(B) have relied heavily on Dimaya. See, e.g., Bell, 158 F. Supp. 3d at 921-24; United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1162-64 (E.D. Cal. 2016). In Dimaya, the Ninth Circuit reasoned that 18 U.S.C. § 16(b)[3] suffered from the same constitutional infirmities as the ACCA's residual clause, because use of the categorical approach to determine which offenses are "crimes of violence" within the meaning of § 16(b) requires the same judicial hypothecating, and involves similar double indeterminacy with regard to the

---

[3] 18 U.S.C. § 16 provides:
The term "crime of violence" means--
   (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 16.

amount of risk required, so as to render the reasoning of Johnson equally applicable to § 16(b). Dimaya, 803 F.3d at 1116-17. Courts that have followed Dimaya's holding with regard to the constitutionality of § 924(c)(3)(B) have reasoned that since § 16(b) is materially identical to § 924(c)(3)(B), Dimaya's reasoning should apply equally to § 924(c)(3)(B), and the same result should pertain to the latter statute. See Lattanaphom, 159 F. Supp. 3d at 1164 ("The Dimaya court extended Johnson to a statute with identical language as that in the § 924(c) residual clause and cannot be distinguished."). However, other courts, including from within the Ninth Circuit, have rejected the notion that Dimaya is controlling with regard to the fate of § 924(c)(3)(B). See, e.g., Lott, 2017 WL 553467 at *4. Such courts have noted that the Dimaya court explicitly limited its holding and stated its decision did "not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." Dimaya, 803 F.3d at 1120 n.17; Lott, 2017 WL 553467 at *4 ("*Dimaya* does not control the issue of the constitutionality of § 924(c)(3)(B)."). The Court agrees with the latter line of reasoning that by virtue of this so-called "cabining" footnote, the analysis of Dimaya is not controlling with regard to the constitutionality of § 924(c)(3)(B).[4]

The Court finds the reasoning of the courts that have rejected post-Johnson due process challenges to § 924(c)(3)(B) persuasive, and therefore concludes, as they did, that § 924(c)(3)(B) is not unconstitutionally vague. Because Defendant's conviction for conspiracy to commit Hobbs Act robbery remains a crime of violence under § 924(c)(3)(B), his motion to vacate his conviction for violating § 924(c) is

---

[4] That the Ninth Circuit, in United States v. Hernandez-Lara, 817 F.3d 651 (9th Cir. 2016), relied on Dimaya to hold an 8-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C) unconstitutional to the extent it incorporated § 16(b) does not suggest that the Ninth Circuit regards Dimaya as having a reach that extends outside the context of 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(b). The Guideline provision at issue in Hernandez-Lara defined "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43)(F), which incorporates § 16(b). See 817 F.3d at 652. Thus, the constitutional issue presented in Hernandez-Lara fell squarely within the scope of Dimaya's limited holding.

denied. Also, since the Court denies Defendant's motion on this ground, the Court need not, and does not, address the government's argument that conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), or its contention that Defendant's motion is procedurally barred.  Finally, since Defendant's motion is being denied, the Court finds there is no conflict in counsel's representation of Defendant at this stage of the proceedings, although this issue would merit further consideration going forward if Defendant's motion had been granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendant's motion for reconsideration, LIFTS the stay, and DENIES Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Defendant is granted a certificate of appealability.

IT IS SO ORDERED.

Dated: July 31, 2017

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court